**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:18-cv-00013-FDW**

| | |
|---|---|
| **PATRICK RICARDO SMITH,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **ORDER** |
| ) | |
| **ERIK A. HOOKS,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon initial review of Patrick Ricardo Smith's pro

se Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254. (Doc. No. 1.)

### I.     BACKGROUND

Petitioner is a prisoner of the State of North Carolina, who, on May 7, 2004, was

convicted by a jury in Mecklenburg County Superior Court of robbery with a dangerous weapon.

State v. Smith, 616 S.E.2d 30, 2005 WL 1804930 (N.C. Ct. App. 2005) (unpublished). He was

sentenced to 150-189 months in prison. Id.

Petitioner's conviction was affirmed on appeal, but his sentence was vacated and his case

remanded for resentencing. Id. According to Petitioner, he was resentenced on February 14,

2006, to 90-117 months in prison. (§ 2254 Pet. 2, Doc. No. 1.)

After pursuing post-conviction relief in the state courts, Petitioner timely-filed a petition

for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on October 28, 2010. Order

Grant. Summ. J. 3, Smith v. North Carolina, No. 3:10–cv–542–RJC, 2012 WL 707004

(W.D.N.C. filed Mar. 5, 2012), Doc. No. 9. The Court concluded that the claims raised in the

petition were procedurally defaulted, granted the State summary judgment, and dismissed the

1

petition.  Id. at 3-5.  The Fourth Circuit Court of Appeals denied Petitioner a certificate of

appealability and dismissed his appeal of this Court's order denying relief.  Smith v. North

Carolina, 474 F. App'x 895, 2012 WL 3125706 (4th Cir. 2012) (unpublished), cert. denied, 568

U.S. 1176 (2013) (Mem).

Petitioner has now filed a second § 2254 habeas Petition in this Court.  (Doc. No. 1.)  He

again challenges the judgment entered against him in Mecklenburg County him on May 7, 2004.

## II.       STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts, which directs district courts to examine habeas petitions promptly.  28

U.S.C. § 2254 Rule 4.  When it plainly appears from the petition and any attached exhibits that

the petitioner is not entitled to relief, the court must dismiss the motion.  Id.

## III.      DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 expressly limits a petitioner's

ability to attack the same criminal judgment in multiple collateral proceedings.  See 28 U.S.C. §

2244(b)(3).  If a federal district court denies or dismisses a state prisoner's § 2254 petition with

prejudice, the prisoner generally may not file another § 2254 petition challenging the same state

criminal judgment unless he has obtained permission to do so from the appropriate federal court

of appeals.  See § 2244(b)(3)(A).  If the prisoner files a subsequent § 2254 petition without

authorization from the appropriate federal court of appeals, the district court is required to

dismiss the petition without considering its merits.  See Burton v. Stewart, 549 U.S. 147, 153

(2007) (holding that failure of petitioner to obtain authorization to file a "second or successive"

petition deprived the district court of jurisdiction to consider the second or successive petition "in

the first place"); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence

of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.") (citation omitted).

Petitioner has not demonstrated that he has obtained the required authorization from the Fourth Circuit to file a successive habeas petition challenging his May 7, 2004 judgment. See § 2244(b)(3)(A). Consequently, the instant Petition must be dismissed. See Burton, 549 U.S. at 153; Winestock, 340 F.3d at 205.

**IT IS, THEREFORE, ORDERED** that the Petition for Writ of Habeas Corpus, 28 U.S.C § 2254, (Doc. No. 1) is **DISMISSED without prejudice** as an unauthorized, successive habeas petition.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: January 16,

Frank D. Whitney
Chief United States District Judge

3