UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00013-FDW

| PATRICK RICARDO SMITH, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | **ORDER** |
| ERIC A. HOOKS, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court upon Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(3), (b)(6), and (d)(3). (Doc. No. 4.)

## I. RELEVANT PROCEDURAL HISTORY

Petitioner is a prisoner of the State of North Carolina, who, on May 7, 2004, was convicted by a jury in Mecklenburg County Superior Court of robbery with a dangerous weapon. State v. Smith, 616 S.E.2d 30, 2005 WL 1804930 (N.C. Ct. App. 2005) (unpublished). He was sentenced to 150-189 months in prison. Id.

Petitioner's conviction was affirmed on appeal, but his sentence was vacated and his case remanded for resentencing. Id. According to Petitioner, he was resentenced on February 14, 2006, to 90-117 months in prison. (§ 2254 Pet. 2, Doc. No. 1.)

After pursuing post-conviction relief in the state courts, Petitioner timely-filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court on October 28, 2010. Order Grant. Summ. J. at 3, Smith v. North Carolina, No. 3:10-cv-00542-RJC, 2012 WL 707004 (W.D.N.C. Mar. 5, 2012), Doc. No. 9. The Court concluded that the claims raised in the petition were procedurally defaulted, granted the State's summary judgment motion, and dismissed the

1

petition. Id. at 3-5. The Fourth Circuit Court of Appeals denied Petitioner a certificate of appealability and dismissed his appeal of this Court's order denying relief. Smith v. North Carolina, 474 F. App'x 895, 2012 WL 3125706 (4th Cir. 2012) (unpublished), cert. denied, 568 U.S. 1176 (2013) (Mem).

On December 22, 2017, Petitioner filed a second § 2254 habeas Petition, again challenging his May 7, 2004 conviction in Mecklenburg County. (Doc. No. 1.) This Court entered an Order on January 16, 2018, dismissing the Petition without prejudice as an unauthorized, successive habeas corpus application. (Order Dismiss. § 2254 Pet. 2, Doc. No. 2 (citing § 2244(b)(3)(A)). In its Order, the Court explained it did not have jurisdiction to consider the merits of the Petition because Petitioner had not obtained prior authorization from the Fourth Circuit Court of Appeals to file it, as required by § 2244(b)(3). (Order Dismiss § 2254 Pet. 2-3 (citing § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 153 (2007); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003)).

Petitioner has filed a Motion for Relief from Judgment pursuant to Rule 60(b)(3), (b)(6), and (d)(3) of the Federal Rules of Civil Procedure. (Rule 60(b) Mot. 1, Doc. No. 4.) He seeks relief from both this Court's judgment and the state court's judgment.

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b) enumerates specific circumstances in which a party may be relieved of the effect of a federal judgment, such as mistake, newly discovered evidence, and fraud. Fed. R. Civ. P. 60(b)(1)-(3). The Rule concludes with a catchall category providing that a federal court may lift a judgment for "any other reason that justifies relief." Id. at Rule 60(b)(6). Rule 60(d)(3) provides that the Rule does not limit a court's power to set aside a judgment for fraud on the court. Fed. R. Civ. P. 60(d)(3).

Rule 60 applies to § 2254 proceedings but only "to the extent that [it is] not inconsistent with" applicable statutory provisions and rules. Rules Governing Section 2254 Cases in the United States District Courts, Rule 12, 28 U.S.C. foll. § 2254. Among the statutory provisions governing § 2254 proceedings are those that expressly limit a petitioner's ability to attack his criminal judgment in a subsequent collateral proceeding. See, e.g., § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) ("[A] Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas petition," and is therefore subject to the preauthorization requirement of § 2244(b)(3)(A) for successive applications." (quoting Gonzalez v. Crosby, 545 U.S. 524, 531–32 (2005)). On the other hand, "[a] Rule 60(b) motion that challenges some defect in the integrity of the federal habeas proceedings . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." McRae, 793 F.3d at 397 (internal quotation marks omitted).

The first step for the Court, then, is to determine whether Petitioner's Rule 60 Motion challenges some defect in the integrity of the federal habeas proceedings. See id. It does not. Instead, it repeats or expands upon the claims raised in the habeas Petition. Petitioner argues, however, that "the second successive habeas petition analysis need not be applied . . . [to his] Rule 60(b) motion, [because] the Petitioner does not assert or reassert claims previously reviewed in State [post-]conviction, nor [were] the previous claims decided on the merits." (Rule 60(b) Mot. 2 (citing Gonzalez, 545 U.S. at 538)).

Petitioner simply misunderstands the nature of Rule 60. Federal Rule 60 applies only to

*federal* judgments; a state court judgment cannot be vacated under federal Rule 60. Therefore, the only judgment at issue here is the one this Court entered on January 16, 2018, dismissing the Petition without prejudice as an unauthorized, successive habeas corpus application. (Order Dismiss. § 2254 Pet. 2). Although he cites Rules 60(b)(3), (b)(6), and (d)(3), Petitioner does not allege the Court was mistaken in its conclusion that the habeas Petition is an unauthorized, successive habeas application. See Fed. R. Civ. P. 60(b)(3). Nor has he alleged that a fraud was perpetrated on this Court that tainted its judgment. See Fed. R. Civ. P. 60(d)(3). Indeed, as the Court did not order Respondent to answer the Petition, the only party that could have perpetrated a fraud on the Court is Petitioner, and fraud on his part would not be grounds for relief from a judgment against him.

Likewise, Petitioner fails to articulate a basis for vacating the Court's judgment pursuant to Rule 60(b)(6). Presumably, Petitioner seeks to have the Court vacate its judgment *and* consider his habeas Petition on the merits. While Rule 60(b)(6) provides that the Court may lift a judgment for "any other reason that justifies relief," id., the Rule does not confer power on the Court to address matters over which it has no jurisdiction. As explained in the Court's previous Order, because the habeas Petition is an unauthorized, successive habeas application, - a holding Petitioner does not challenge in any way - the Court does not have jurisdiction to consider it on the merits (Order Dismiss § 2254 Pet. 2-3 (citing § 2244(b)(3)(A); Burton, 549 U.S. at 153; Winestock, 340 F.3d at 205)). Thus, the merits of the habeas Petition are not grounds for relief from the Court's judgment under Rule 60(b)(6).

In short, notwithstanding the label Petitioner has put on it, the instant filing is not a Rule 60 motion because it does not allege grounds for relief under Rule 60 or allege any procedural defect in the Court's adjudication of the habeas Petition. Cf. Gonzalez, 545 U.S. at 531–532.

Rather, it attacks the legality of Petitioner's state court judgment and, therefore, is itself a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. It is irrelevant for the purposes of § 2244(b)(3)(A) that the claims raised were not previously reviewed or adjudicated on their merits in the state or federal courts. Once a federal district court denies or dismisses a state prisoner's § 2254 petition with prejudice, § 2244(b)(3)(A) requires the prisoner to obtain permission from the appropriate federal court of appeals before he may file another § 2254 petition challenging the same state criminal judgment. Id. ("Before a second or successive application . . . is filed in the district court, the applicant *shall* move in the appropriate court of appeals for an order authorizing the district court to consider the application.") (emphasis added). As has been stated several times already, this requirement is jurisdictional, meaning that without such authorization, a district court does not have jurisdiction to consider the petition. See Burton, 549 U.S. at 153 (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition).

This Court dismissed the habeas Petition in this case because Petitioner has not demonstrated he obtained authorization from the Fourth Circuit Court of Appeals to file a successive habeas application challenging his 2004 Mecklenburg County conviction. Petitioner cannot get around this Court's judgment by, for all intents and purposes, repackaging the Petition and calling it a Rule 60(b) motion.

### III. CONCLUSION

Although ostensibly brought pursuant to Rule 60 of the Federal Rules of Civil Procedure, the instant Motion is, in fact, a successive application for habeas relief from Petitioner's 2004 Mecklenburg County conviction. Because Petitioner has not demonstrated that he received

Rather, it attacks the legality of Petitioner's state court judgment and, therefore, is itself a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. It is irrelevant for the purposes of § 2244(b)(3)(A) that the claims raised were not previously reviewed or adjudicated on their merits in the state or federal courts. Once a federal district court denies or dismisses a state prisoner's § 2254 petition with prejudice, § 2244(b)(3)(A) requires the prisoner to obtain permission from the appropriate federal court of appeals before he may file another § 2254 petition challenging the same state criminal judgment. Id. ("Before a second or successive application . . . is filed in the district court, the applicant *shall* move in the appropriate court of appeals for an order authorizing the district court to consider the application.") (emphasis added). As has been stated several times already, this requirement is jurisdictional, meaning that without such authorization, a district court does not have jurisdiction to consider the petition. See Burton, 549 U.S. at 153 (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition).

This Court dismissed the habeas Petition in this case because Petitioner has not demonstrated he obtained authorization from the Fourth Circuit Court of Appeals to file a successive habeas application challenging his 2004 Mecklenburg County conviction. Petitioner cannot get around this Court's judgment by, for all intents and purposes, repackaging the Petition and calling it a Rule 60(b) motion.

### III. CONCLUSION

Although ostensibly brought pursuant to Rule 60 of the Federal Rules of Civil Procedure, the instant Motion is, in fact, a successive application for habeas relief from Petitioner's 2004 Mecklenburg County conviction. Because Petitioner has not demonstrated that he received

authorization from the Fourth Circuit Court of Appeals to file a successive application for habeas relief from that judgment, as required by § 2244(b)(3)(A), this Court does not have jurisdiction to consider the merits of the instant filing. Accordingly, it shall be dismissed without prejudice as an unauthorized, successive habeas petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion for Relief from Final Judgment pursuant to Federal Rule of Civil Procedure 60(b)(3), (b)(6) and (d)(3) (Doc. No. 4) is **DISMISSED** without prejudice as an unauthorized, successive § 2254 petition; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: January 21, 2019

Frank D. Whitney
Chief United States District Judge